ORAL ARGUMENT NOVEMBER 5, 2024

REPLY BRIEF FOR APPELLEE
———————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
———————————

No. 23-3027
———————————

UNITED STATES OF AMERICA,                          Appellee,

    v.

AARON J. THORPE,                                   Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
———————————

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
PETER S. SMITH
\* DANIEL J. LENERZ
DC Bar #888283905
Assistant United States Attorneys
\* Counsel for Oral Argument
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov
(202) 252-6829

No. 13-cr-131-1 (RJL)

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ........................................................ 1

ARGUMENT ....................................................................... 3

   I.   This Court Should Not Consider Amicus's Argument About the Scope of the District Court's Authority Under Rule 48(a), Which is Meritless. ........................................... 3

      A.   The Court Should Not Consider Amicus's Argument Regarding Rule 48(a)'s Applicability in this Case. .............. 4

      B.   The Government May Invoke Rule 48(a) in These Circumstances. ...................................................... 8

   II.   The District Court Abused its Discretion When it Denied the Government's Unopposed Rule 48(a) Motion. ................... 18

      A.   Rule 48(a) Provides Courts with Little or No Discretion to Deny an Unopposed Motion to Dismiss Charges, Regardless of the Stage of the Case. .................................. 18

      B.   The Government's Unopposed Rule 48(a) Motion Advanced the Interests of Justice. ..................................... 23

CONCLUSION ................................................................... 27

# TABLE OF AUTHORITIES*

**Cases**

*Berger v. United States*, 295 U.S. 78 (1935)............................................23

*Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995)...................................13

*Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543
    (U.S. Apr. 20, 2020) ............................................................................11

*Cellnet Communs. v. FCC*, 149 F.3d 429 (6th Cir. 1998) .........................5

*Chabal v. Reagan*, 841 F.2d 1216 (3d Cir. 1988)....................................14

*F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216 (2013)...............5

*Heck v. Humphrey*, 512 U.S. 477 (1994) .................................................13

*Hosp. Menonita de Guayama, Inc. v. NLRB*, 94 F.4th 1
    (D.C. Cir. 2024) ..................................................................................9

*In re Brewer*, 863 F.3d 861 (D.C. Cir. 2017) ..........................................23

\* *In re United States*, 345 F.3d 450 (7th Cir. 2003)............................20, 21

*Korematsu v. United States*, 584 F. Supp. 1406 (N.D. Cal. 1984)....10, 17

*McIntosh v. Partridge*, 540 F.3d 315 (5th Cir. 2008)................................7

*Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043
    (5th Cir. 1993).......................................................................................6

---

\* Authorities upon which we chiefly rely are marked with asterisks.

\* *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010) .................. 2, 5, 8, 13, 16, 23

*Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750 (3d Cir. 2018) ..................................................... 13

*Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247 (10th Cir. 2011) ..................... 6

\* *Rinaldi v. United States*, 434 U.S. 22 (1977) ........ 2, 10, 11, 19, 21, 22, 26

*Romag Fasteners, Inc v. Fossil, Inc.,* 590 U.S. 212 (2020) ........................ 9

*Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47 (2006) ... 7

*Ryder v. United States*, 515 U.S. 177 (1995) ............................................ 6

*Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431 (D.C. Cir. 2010) ..................................................... 5

*Sierra Club v. United States EPA*, 964 F.3d 882 (10th Cir. 2020) .......... 6

*State v. Villar*, 180 A.3d 588 (Vt. 2017) .................................................. 17

*Tully v. Barada*, 599 F.3d 591 (7th Cir. 2010) ......................................... 7

*United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973) ................. 21

*United States v. Bernard*, 42 F.4th 905 (8th Cir. 2022) ........................ 25

*United States v. Brokaw*, 60 F. Supp. 100 (S.D. Ill. 1945) .................... 10

*United States v. Burdeau*, 168 F.3d 352 (9th Cir. 1999) ....................... 16

\* *United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016) ................................................... 3, 15, 20, 24

*United States v. Gilbert*, 838 F. App'x 181 (6th Cir. 2021) .................... 12

*United States v. Hamm*, 659 F.2d 624 (5th Cir. 1981)
(en banc) .............................................................................. 21, 22, 25

*United States v. Hector*, 577 F.3d 1099 (9th Cir. 2009) ......................... 11

*United States v. HSBC Bank USA, N.A.*, 863 F.3d 125
(2d Cir. 2017) ..................................................................... 16

*United States v. John Doe, Inc. I,* 481 U.S. 102 (1987) ........................... 9

*United States v. Knight*, 981 F.3d 1095 (D.C. Cir. 2020) ................ 16, 26

*United States v. M.M.*, 23 F.4th 216 (3d Cir. 2021) .................................. 9

*United States v. Puentes-Hurtado*, 794 F.3d 1278 (11th Cir. 2015) ....... 12

\* *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006) ..... 2, 5, 6, 8, 11, 13

*United States v. Smith*, 55 F.3d 157 (4th Cir. 1995) ........................ 23, 24

*United States v. Sturm, Ruger & Co.*, 84 F.3d 1 (1st Cir. 1996) .............. 6

*United States v. Tapp*, No. CR107-108, 2008 WL 2371422
(S.D. Ga. June 4, 2008) ......................................................... 14

*United States v. Thorpe*, Cr. No. 13-131-1 (RJL), 2023
WL 2139399 (D.D.C. Feb. 21, 2023) ........................................ 4, 7, 15

\* *United States v. Watts*, 422 U.S. 1032 (1975) ....................................... 11

*United States v. Weber*, 721 F.2d 266 (9th Cir. 1983) ...................... 12, 23

## Other Authorities

18 U.S.C. § 3231 ......................................................................... 13

18 U.S.C. § 3553 .................................................................... 4, 25

18 U.S.C. § 3582(c) ............................................................. 12, 25

28 U.S.C. § 2255 ................................................................... 12, 17

42 U.S.C. § 1983 ....................................................................... 13

Federal Rule of Criminal Procedure 6(e) .................................... 9

Federal Rule of Criminal Pricedure 48(a) .......................... 1-26

Vermont Rule of Criminal Procedure 48(a) ............................. 17

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 23-3027

———————————————

UNITED STATES OF AMERICA,                    Appellee,

v.

AARON J. THORPE,                             Appellant.

———————————————

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————

## REPLY BRIEF FOR APPELLEE

———————————————

## SUMMARY OF ARGUMENT

This Court should not consider amicus's argument that Federal Rule of Criminal Procedure 48(a) does not allow the government to dismiss charges after a case has become final on direct appeal. Neither party raised that argument below, and it was not the basis for the district court's ruling. Under circumstances identical to those here, both this Court and the Fourth Circuit declined to address the question whether Rule 48(a) could be used in such a circumstance because that argument

had been forfeited. *See Rice v. Rivera*, 617 F.3d 802, 810-11 (4th Cir. 2010); *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). The Court should do the same in this case.

If the Court does address amicus's argument on the merits, it should reject it. Nothing in Rule 48(a)'s text limits its application to convictions that have not yet become final, and the fact that Rule 48(a) contains a different temporal limitation counsels against reading an additional, unwritten restriction into the Rule 48(a). Amicus's focus on the Rule's reference to the dismissal of charging instruments and its assertion that the Rule merely codified the common law use of nolle prosequi cannot be squared with *Rinaldi v. United States*, 434 U.S. 22 (1977), or other cases in which the Supreme Court allowed the government to dismiss charges under Rule 48(a) after a defendant had been convicted and sentenced. Nor does the prosecution end for all purposes once a defendant's conviction has become final on direct appeal. Here, the government filed its Rule 48(a) motion while Thorpe's motion under 28 U.S.C. § 2255 was still pending, and Thorpe is still serving his sentence. Nothing in Rule 48(a)'s text precludes the government from filing a Rule 48(a) motion under such circumstances.

The district court abused its discretion when it denied the government's unopposed Rule 48(a) motion. Rule 48(a)'s "leave of court" requirement provides district courts with little or no authority to deny an unopposed Rule 48(a) motion. Amicus's argument that district courts have "broad authority to independently determine if a dismissal was against the public interest" cannot be squared with *Rinaldi* or this Court's opinion in *United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016), and has not been adopted by any federal Court of Appeals. In any event, even if the district court retained some discretion to deny the government's unopposed Rule 48(a) motion, because that motion was not made in bad faith, the district court abused its discretion when it denied it.

## ARGUMENT

### I. This Court Should Not Consider Amicus's Argument About the Scope of the District Court's Authority Under Rule 48(a), Which is Meritless.

Pointing to Rule 48(a)'s text and history, amicus argues that "Rule 48(a) does not allow vacatur of convictions after appellate proceedings have ended" (Brief for Court-Appointed *Amicus Curiae* (Br.) at 9). The

Court should not consider this argument, which neither party raised below and which was not the basis for the district court's ruling. If the Court does address amicus's argument, it should reject it.

## A. The Court Should Not Consider Amicus's Argument Regarding Rule 48(a)'s Applicability in this Case.

In the proceedings below, neither the government nor Thorpe asserted that the district court lacked authority under Rule 48(a) to dismiss charges at this stage of the case. Nor did the district court rule on that basis. Instead, the court invoked its "discretion" when ruling on a Rule 48(a) motion, *United States v. Thorpe*, Cr. No. 13-131-1 (RJL), 2023 WL 2139399, at *4 (D.D.C. Feb. 21, 2023), and denied the motion because, in its view, the government had "failed to provide a reasoned analysis rooted in the record on which this Court could find that the reduction in sentence sought was in the public interest," *id.* at *5, and "[t]he Government's requested relief [wa]s also inconsistent with the requirements of [1]8 U.S.C. § 3553," *id.* at *6.

Generally, when a party does not raise an argument in the district court, it is forfeited on appeal. "To preserve a claim of error on appeal, a party typically must raise the issue before the trial court. No procedural

4

principle is more familiar than that a right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 436 (D.C. Cir. 2010). Under circumstances identical to those here—where the government filed an unopposed Rule 48(a) motion after the defendant's conviction became final on direct appeal—both this Court and the Fourth Circuit declined to address the question whether Rule 48(a) could be used in such a circumstance because that argument had been forfeited. *See Rice v. Rivera*, 617 F.3d 802, 810-11 (4th Cir. 2010); *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). The Court should take the same approach here.

Here, unlike in *Rice* or *Smith*, the Court appointed amicus to defend the district court's ruling. But "[w]hile an amicus may offer assistance in resolving issues properly before a court, it may not raise additional issues or arguments not raised by the parties." *Cellnet Communs. v. FCC*, 149 F.3d 429, 443 (6th Cir. 1998) (internal citations omitted); *see also, e.g.*, *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 n.4 (2013) ("Because this argument [made by amicus] was not raised by the parties

or passed on by the lower courts, we do not consider it."); *Sierra Club v. United States EPA*, 964 F.3d 882, 897 n.15 (10th Cir. 2020) ("the amicus is not a party, and we ordinarily decline to consider arguments raised only by an amicus"); *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 6 (1st Cir. 1996) ("an amicus cannot introduce a new argument into a case"); *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1049 (5th Cir. 1993) ("an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal").

Indeed, had either the United States or Thorpe changed positions on appeal and urged that the district court lacked authority to grant the Rule 48(a) motion at this stage of the proceedings, this Court would have found that argument to be forfeited. *See, e.g.*, *Smith*, 467 F.3d at 789. It would be odd to allow amicus to raise an argument unavailable to either of the parties. And while this Court "may affirm on any ground apparent in the record, affirming on legal grounds not considered by the trial court is disfavored." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011); *see also Ryder v. United States*, 515 U.S. 177, 184 n.7 (1995) (declining to reach "alternative grounds for affirmance which the

Government did not raise below"); *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010) ("Only if a party raises an argument both here and in the district court may we use it as an alternate means to affirm the district court's granting of a motion to dismiss."); *McIntosh v. Partridge*, 540 F.3d 315, 326 (5th Cir. 2008) ("While we may affirm a summary judgment on any ground supported by the record, this principle does not of itself generally justify affirmance on a ground not raised below.") (cleaned up).

The government agrees with amicus that the district court "was not obligated to accept the parties' construction of Rule 48(a) simply because they agreed to it" and "was not forbidden from interpreting Rule 48(a) for itself" (Br. at 16, 17). But the district court did not hold that Rule 48(a) cannot be used to vacate a final conviction. Rather, it denied the government's Rule 48(a) motion on the merits because it believed that vacating Thorpe's convictions was neither in the public interest nor consistent with § 3553. *See Thorpe*, 2023 WL 2139399, at *5-6. Nor would finding forfeiture here require this Court to "'accept an interpretation of a [rule] simply because it is agreed to by the parties'" (Br. at 17 (quoting *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 56 (2006)). Instead, just as it did in *Smith*, the Court simply would "not reach the

non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction." 467 F.3d at 789. That result would also be consistent with the Fourth Circuit's approach in *Rice*, which reversed the district court's denial of a Rule 48(a) motion filed more than 15 years after the defendant's convictions had become final where "the Government (which made the Motion to Vacate) and Rice (who urged the court to grant it) ha[d] each forfeited any right to contend that Rule 48 could not be used in this context." 617 F.3d at 810.

## B.   The Government May Invoke Rule 48(a) in These Circumstances.

When it was originally enacted in 1944, Rule 48(a) provided: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant." Pointing to the Rule's original text and history, amicus argues that it does not apply after a conviction has become final on direct appeal (Br. at 9-15). This proposed limitation exists nowhere in Rule 48(a)'s text and is inconsistent with the Supreme Court's expansive interpretation of it.

Rule 48(a) contains no language expressly limiting its application to convictions that have not yet become final. *See generally United States v. John Doe, Inc. I,* 481 U.S. 102, 108-09 (1987) (construing requirements of Federal Rule of Criminal Procedure 6(e) "based on our reading of the Rule's plain language"); *United States v. M.M.*, 23 F.4th 216, 219 (3d Cir. 2021) ("we begin, as with any interpretive exercise, with the text of the rule") (quotation marks omitted). It says nothing about convictions, appeals, or final judgments. Rather, the only temporal limitation contained in Rule 48(a) is that, if the government moves to dismiss the indictment, information, or complaint "during trial," the defendant must consent. The fact that the Rule's drafters included this limitation but not others counsels against reading additional, unwritten restrictions into Rule 48(a). *See generally Romag Fasteners, Inc v. Fossil, Inc.,* 590 U.S. 212, 215 (2020) ("Nor does this Court usually read into statutes words that aren't there."); *Hosp. Menonita de Guayama, Inc. v. NLRB*, 94 F.4th 1, 17 (D.C. Cir. 2024) (Katsas, J., concurring) ("Under normal principles of statutory construction, the express imposition of that time bar may preclude, by negative implication, the imposition of others.").

Amicus nonetheless urges that Rule 48 does not apply at this stage of the proceedings because "[t]he Rule speaks of dismissing an 'indictment,' 'information,' or 'complaint'—not a final 'conviction'" (Br. at 9), and because Rule 48(a) "codified and restricted *nolle prosequi* . . . [which] ends when a defendant's conviction is final" (Br. at 12). Whatever merit this argument may have had were it a question of first impression, it is inconsistent with the Supreme Court's application of Rule 48(a).

If, as amicus contends, Rule 48(a) simply "codified and restricted" the common law use of nolle prosequi, the Rule would cease to apply once a defendant has been sentenced. *See Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984) ("[O]nce a sentence had been handed down or final judgment entered, that unilateral right of the prosecutor [to enter a nolle prosequi] was again extinguished."); *United States v. Brokaw*, 60 F. Supp. 100, 102 (S.D. Ill. 1945) ("The rule at the common law seems to have been . . . that following the return of the verdict the uncontrolled power of the prosecutor to enter a nolle revives and continues until such time as judgment is entered and sentence imposed."). But in *Rinaldi v. United States*, 434 U.S. 22, 32 (1977) (per curiam), the Supreme Court reversed a district court's denial of a Rule

48(a) motion first brought after the defendant had been sentenced and appealed, a stage of the proceeding at which nolle prosequi would have been unavailable at common law. Likewise, in *United States v. Watts*, 422 U.S. 1032 (1975), the Supreme Court "permitted post-conviction use of the rule while direct appeal was pending[.]" *Smith*, 467 F.2d at 789. Amicus's suggestion that the Court should read Rule 48(a) to merely "codif[y] and restrict[ ] *nolle prosequi*" (Br. at 12), is thus inconsistent with the Supreme Court's more expansive application of the Rule.

Nor does the Rule's reference to charging instruments restrict the circumstances in which it may be used. Amicus is correct that Rule 48(a) "speaks of dismissing an 'indictment,' 'information,' or 'complaint'—not a final 'conviction'" (Br. at 9). But "[d]espite the wording of the rule, it is well established that the government may move to dismiss even after a complaint has turned into a conviction[.]" *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009); *see, e.g.*, *Rinaldi*, 434 U.S. at 32; *Watts*, 422 U.S. at 1032 (remanding case to allow government to dismiss charges after conviction affirmed on appeal); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) (same); *United States*

*v. Weber*, 721 F.2d 266, 269 (9th Cir. 1983) (reversing denial of Rule 48 motion "filed after conviction and sentencing").

Amicus likewise misses the mark with its argument that, because the original version of Rule 48(a) spoke of terminating "the prosecution," the Rule "presum[es] there is an active prosecution to dismiss" (Br. at 9-10). "Prosecution" is not a term of art—nothing about Rule 48(a)'s use of that term (as the Rule was originally drafted) limits its applicability to the stages of a criminal case that precede a final conviction. A criminal case does not necessarily end once a conviction becomes final on direct appeal: a defendant may still move to vacate his convictions under 28 U.S.C. § 2255, for example, or seek a reduced sentence under 18 U.S.C. § 3582(c). Indeed, in many jurisdictions, a defendant cannot bring certain claims—such as ineffective assistance of counsel claims—until after his conviction has become final on direct review. *See, e.g.*, *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015) ("We generally do not address ineffective assistance of counsel claims on direct appeal"); *United States v. Gilbert*, 838 F. App'x 181, 183 (6th Cir. 2021) ("We generally do not review claims of ineffective assistance of counsel on direct appeal because such claims are better suited to adjudication in

post-conviction proceedings"); *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 762 (3d Cir. 2018) ("Many states do not entertain ineffective-assistance claims on direct appeal.").

There are other reasons to conclude that Rule 48(a)'s use of the term "prosecution" does not incorporate an unstated temporal limit into the Rule's applicability. A district court's jurisdiction over a criminal prosecution does not end with a final conviction. Rather, for jurisdictional purposes, the same statute that gives district courts jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, continues to provide them with jurisdiction "over a criminal prosecution . . . even after conviction and appeal." *Rice*, 617 F.3d at 809; *see also Smith*, 467 F.3d at 788 ("district courts retain some reservoir of jurisdiction—distinct from the rules of criminal procedure themselves— to entertain motions after final judgment"). And, for purposes of claims brought under 42 U.S.C. § 1983, "[a] successful writ of habeas corpus may . . . terminate a criminal prosecution in the defendant's favor." *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995); *see generally Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In other words, a prosecution may terminate in a defendant's favor even after it becomes final on direct

appeal. There is thus no merit to amicus's argument that Rule 48(a)'s reference to termination of "the prosecution" necessarily limits its application to the stages of a prosecution that occur before a conviction becomes final on direct appeal.

Amicus's separation-of-powers concerns (at 17-18) provide no basis for reading an extra-textual temporal limitation into Rule 48(a). United States Attorneys are members of the Executive Branch who are answerable to the President through the Attorney General. *See generally Chabal v. Reagan*, 841 F.2d 1216, 1222 (3d Cir. 1988) (noting that the Attorney General is "the executive branch's principal legal officer and himself answerable directly to the President"); *United States v. Tapp*, No. CR107-108, 2008 WL 2371422, at *9 (S.D. Ga. June 4, 2008) (explaining that United States Attorneys were "directly answerable only to the President" until 1861, when they were placed under the "superintendence and direction" of the Attorney General). There is thus no conflict between allowing the government to move to dismiss charges under Rule 48(a) after a conviction has become final and the President's pardon and commutation powers—both decisions are ultimately subject to the President's sole control.

There is likewise no reason to read a temporal limitation into Rule 48(a) out of concern that applying the rule to final convictions would interfere with "the Judiciary's traditional power over criminal sentencing[.]" *United States v. Fokker Services B.V.*, 818 F.3d 733, 745 (D.C. Cir. 2016) (emphasis omitted). As an initial matter, limiting the Rule's applicability based on such a concern would be inconsistent with the Supreme Court's approach in *Rinaldi*, *Watts*, and *Bronsozian*, all of which permitted the government to dismiss charges under Rule 48(a) after the defendant had been sentenced. Moreover, contrary to amicus's and the district court's assertion, this case did not involve an attempt by the government to "'reverse-engineer[] the charges . . . to arrive at the Government's preferred sentencing outcome'" (Br. at 18 (quoting *Thorpe*, 2023 WL 2139399, at *4)). Rather, as the government explained in its opening brief (at 32-36), its Rule 48(a) motion was not an attempt to orchestrate a lower sentence, but rather followed this Court's recommendation and endeavored to place Thorpe in the same position as codefendant Knight "to ameliorate any injustice that would result from permitting the inadequately counseled defendant to accept the original plea offer but not the codefendant whose counsel's performance was

adequate." *United States v. Knight*, 981 F.3d 1095, 1109 (D.C. Cir. 2020) (*Knight II*). Because the government acted in good faith, the district court had no basis to deny the Rule 48 motion. *See generally United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017) ("any authority a court might have to deny a Rule 48(a) motion would be limited to cases in which dismissal is clearly contrary to manifest public interest"); *Rice*, 617 F.3d at 811 ("Whether granting a Rule 48 motion would be clearly contrary to manifest public interest should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal.") (quotation marks omitted).

Contrary to amicus's assertion (at 14), no Court of Appeals has "explicitly held that Rule 48(a) grants the Government power to dismiss only 'as long as the defendant's appeal is pending and the decision is therefore not final.'" In the opinion quoted by amicus, the Ninth Circuit simply stated an undisputed truth: "Under Federal Rule of Criminal Procedure 48(a), the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final." *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999). Nowhere did the Ninth Circuit hold—nor, under

the circumstances of that case, did it need to address—whether Rule 48(a) applies once a conviction has become final on direct appeal. The Vermont Supreme Court likewise was not confronted with that question in *State v. Villar*, 180 A.3d 588, 590 (Vt. 2017), which addressed "whether Vermont Rule of Criminal Procedure 48(a) authorizes the state's attorney to dismiss a case with the defendant's consent not only during trial, but also after conviction and pending direct appeal."

As discussed above (at 2-6), this Court need not resolve the question whether Rule 48(a) applies once a conviction has become final on direct appeal. But if the Court does answer that question, it should find that the Rule applies in the circumstances of this case. Here, unlike in *Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984), the prosecution has not "come to rest": the government filed its Rule 48(a) motion while Thorpe's motion under 28 U.S.C. § 2255 was still pending, and Thorpe is still serving his sentence. Nothing in Rule 48(a)'s text precludes the government from filing a Rule 48(a) motion under such circumstances or limits the Rule's applicability to motions filed before a conviction has become final on direct appeal. Amicus's suggestion that the Court read a temporal limitation into the Rule based on its text and

history is inconsistent with Supreme Court cases applying Rule 48(a) and unnecessary to address any perceived separation-of-powers concerns. The Court should thus find that the government retained authority in this case to move to dismiss charges under Rule 48(a).

## II.  The District Court Abused its Discretion When it Denied the Government's Unopposed Rule 48(a) Motion.

Urging that Rule 48(a)'s "leave of court" requirement gives "courts significant power to deny dismissals" (Br. at 22), amicus argues that the district court properly exercised its "broad authority to independently determine if a dismissal was against the public interest" (*id.* at 27-32). This argument conflicts with well-established precedent and is otherwise meritless.

### A.  Rule 48(a) Provides Courts with Little or No Discretion to Deny an Unopposed Motion to Dismiss Charges, Regardless of the Stage of the Case.

As the government explained in its opening brief (at 20-36), Rule 48(a)'s "leave of court" requirement provides district courts with little or no authority to deny an unopposed Rule 48(a) motion. Any other interpretation would allow a district court to keep alive an otherwise

moot controversy and improperly interfere with the Executive's exclusive power to prosecute crimes. Instead, Rule 48(a)'s "leave of court" requirement is best understood as allowing courts to protect defendants against prosecutorial harassment, a concern that provides no basis for judicial intervention where a defendant consents to the dismissal.

Indeed, this is precisely how the Supreme Court understood the Rule to apply in *Rinaldi*. There, the Court explained that "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15. And, in reversing the district court's denial of the government's unopposed Rule 48(a) motion in that case, the Court explained that "[t]he salient issue" was "whether the Government's . . . efforts to terminate the prosecution were . . . tainted with impropriety." *Id.* at 30. The Court reversed because there was no "bad faith on the part of the Government at the time it sought leave to dismiss the indictment[.]" *Id.* As this Court subsequently explained, "the Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in

the determination whether to dismiss charges." *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). Rather, the inquiry is "a narrow one": a court "reviews the prosecution's motion under Rule 48(a) primarily to guard against the prospect that dismissal is part of a scheme of 'prosecutorial harassment' of the defendant through repeated efforts to bring—and then dismiss—charges." *Id.* Indeed, no federal court of appeals has upheld the denial of a Rule 48(a) motion on the ground that the motion was made in bad faith or contrary to the public interest. *See In re United States*, 345 F.3d 450, 453 (7th Cir. 2003).

Amicus nonetheless asserts that Rule 48(a)'s "leave of court" requirement vests courts with "significant power to deny dismissals" (Br. at 22). According to amicus, this includes a power to protect the "public interest" that is "broader than defendants' interests" (*id.* at 23). Not so. Not only does this argument run afoul of *Rinaldi* and *Fokker*, but, as the Seventh Circuit explained,

> The Constitution's "take Care" clause (art. II, § 3) places the power to prosecute in the executive branch, just as Article I places the power to legislate in Congress. A judge could not properly refuse to enforce a statute because he thought the legislators were acting in bad faith or that the statute disserved the public interest; it is hard to see, therefore, how he could properly refuse to dismiss a prosecution merely

because he was convinced that the prosecutor was acting in bad faith or contrary to the public interest.

*In re United States*, 345 F.3d at 453.

Amicus mistakenly relies (at 24-25) on *Rinaldi* and *United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973), as support for its broad reading of Rule 48(a)'s leave of court requirement. As the government noted in its opening brief—and amicus does not dispute (see Br. at 24)—*Ammidown*'s discussion of Rule 48(a)'s leave of court requirement was dicta: the *Ammidown* Court itself recognized that "Rule 48(a) does not apply as such to the case at bar[.]" 497 F.2d at 619-20. Moreover, *Ammidown* predated *Rinaldi*, and if it "is read to place the burden on the prosecutor to prove that dismissal is in the public interest, . . . then it is contrary to . . . the Supreme Court's holding in *Rinaldi*." *United States v. Hamm*, 659 F.2d 624, 631 n.23 (5th Cir. 1981) (en banc). And, contrary to amicus's assertion, *Rinaldi* did not "embrace[ ] a broad view that the public interest standard means courts independently assess the appropriateness of dismissal" (Br. at 24). As noted above, *Rinaldi* reversed the district court's denial of an unopposed, post-conviction Rule 48(a) motion because the government had not acted in bad faith. 434 U.S. at 30. The Court did not, as amicus asserts, "independently analyze[ ]

whether dismissal was in the public interest" (Br. at 25). Instead, the Court merely noted that Rule 48(a) had previously "been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." *Rinaldi*, 434 U.S. at 29 n.15. The Court found it "unnecessary to decide whether [a] court has discretion under these circumstances, since, even assuming it does, the result in this case remains the same." *Id.* The Supreme Court thus expressly declined to incorporate a "public interest" analysis into its holding.

Amicus is likewise incorrect that the district court always has a more robust role in evaluating whether dismissal is in the public interest where the defendant's conviction has become final on direct appeal (see Br. at 25-27). There is no basis in Rule 48(a)'s text or the cases interpreting it to give different meaning to the Rule's "leave of court" requirement based on the stage of the proceedings. To the contrary, as both Ninth and Fifth Circuits have recognized, it is "clear that the standard set out in . . . *Rinaldi* applies regardless of the stage of prosecution at which the Government moves to dismiss the indictment." *Hamm*, 659 F.2d at 629 n.16; *see United States v. Weber*, 721 F.2d 266,

269 (9th Cir. 1983) (same). At a minimum, where, as here, a criminal defendant is still litigating a timely § 2255 motion, interpreting Rule 48(a) to give the district court open-ended authority to require the Executive to continue to prosecute the case would violate Article III's requirement that there be "a live Article III case or controversy." *In re Brewer*, 863 F.3d 861, 869 (D.C. Cir. 2017). For that reason, contrary to amicus's assertion (at 26-27), the Fourth Circuit correctly concluded that, even when the defendant's conviction has become final on direct appeal, "a Rule 48 motion 'that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must be* granted.'" *Rice*, 617 F.3d at 811 (quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)) (emphasis in *Rice*).

### B. The Government's Unopposed Rule 48(a) Motion Advanced the Interests of Justice.

As the Supreme Court has recognized, "it is the duty of the United States Attorney not simply to prosecute, but to do justice." *Weber*, 721 F.2d at 268 (citing *Berger v. United States*, 295 U.S. 78, 88 (1935)). That was the reason the government filed its Rule 48(a) motion in this case: it sought "dismissal of all but one count to 'ameliorate' the injustice to defendant Thorpe" because such relief was "in the interests of justice"

(Appellant's Appendix (A.) 46-47). The district court abused its discretion when it denied that motion. "The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted." *Smith*, 55 F.3d at 159.

Amicus nonetheless urges that the district court properly denied the government's Rule 48(a) motion because "Thorpe was convicted of a horrific, violent crime, has a dangerous past, and has shown that he has no indication that he has changed his ways" (Br. at 27). Amicus treats the relevant inquiry as though Thorpe were seeking resentencing, quoting the government's sentencing memorandum (*id.* at 28), noting Thorpe's criminal history (*id.*), and discussing the sentencing disparity between Thorpe and his co-defendant, Knight (*id.* at 28-29). But, as the government explained in its opening brief (at 34-35), these sentencing considerations are immaterial to the court's Rule 48(a) inquiry: "a court cannot deny leave of court because of . . . a view that any remaining charges fail adequately to redress the gravity of the defendant's alleged conduct." *Fokker*, 818 F.3d at 742; *see also United States v. Bernard*, 42

F.4th 905, 909 (8th Cir. 2022) (reversing denial of Rule 48(a) motion where, "[r]ather than addressing whether the prosecutor acted in bad faith, the court just listed the reasons it thought [the defendant] was getting off too easy"). "[T]he prosecutor is the first and presumptively the best judge of where the public interest lies. The trial judge cannot merely substitute his judgment for that of the prosecutor." *Hamm*, 659 F.2d at 631.

Amicus's other arguments likewise miss the mark. The parties did not "invite[ ]" the district court (Br. at 29) to consider the 18 U.S.C. § 3553(a) factors when ruling on the government's motion: Thorpe did not cite § 3553 at all, and the government merely included a single "*cf.*" citation to the statute in its motion (see A.46 ("Defendant Thorpe is serving a 300-month aggregate sentence, which is a disproportionately longer sentence than his co-defendant. *Cf.* 18 U.S.C. § 3553(a)(6) (in sentencing, the court shall consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct').")). This case does not involve a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), and thus it is irrelevant that "the District Court would have been *required* to look

at those [§ 3553(a)] factors" had Thorpe filed such a motion (Br. at 30).

And the parties' position does not "contradict[ ] *Rinaldi*" (*id*.). The

Supreme Court's statement in *Rinaldi*, 434 U.S. at 31, that "no societal

interest would be vindicated by punishing further a defendant who has

already been convicted and has received a substantial sentence in state

court," was a quotation of the Solicitor General's description of the

Department of Justice's *Petite* policy, not an independent assessment by

the Court of "sentencing factor[s]" (Br. at 31).

This case is not about Thorpe's "Sixth Amendment right to an

unwired plea" or whether he has been "legally wronged" (Br. at 31).

Instead, as this Court has already recognized, it is about the

government's "discretion to ameliorate [the] injustice that would result

from permitting the inadequately counseled defendant to accept the

original plea offer but not the codefendant whose counsel's performance

was adequate." *Knight II*, 981 F.3d at 1109. The government sought to

accomplish just that when it moved to dismiss most of the charges

against Thorpe under Rule 48(a). That motivation "cannot fairly be

characterized as clearly contrary to manifest public interest," *Rinaldi*,

434 U.S. at 32 (quotation marks omitted), and the district court thus abused its discretion when it denied the government's Rule 48(a) motion.

## CONCLUSION

WHEREFORE, the government respectfully submits that the District Court's denial of the government's Rule 48(a) motion should be reversed.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
PETER S. SMITH
Assistant United States Attorneys

_____/s/_____
DANIEL J. LENERZ
DC Bar #888283905
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this brief contains 5,450 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1), and therefore complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). This brief has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
_____

DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Brief for Appellee to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Howard B. Katzoff, Esq., LAW OFFICE OF HOWARD B. KATZOFF, 717 D Street NW, Suite 310, Washington, D.C. 20004, on counsel for amicus, Kennan H. Roarty, HOGAN LOVELLS US LLP, 555 Thirteenth Street NW, Washington, D.C., 20004, on this 9th day of October, 2024.

/s/
_____

DANIEL J. LENERZ
Assistant United States Attorney
